USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/ 9 / 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILANDER PHILIPPEAUX,

          Petitioner,

        v.

UNITED STATES OF AMERICA,

          Respondent.

---

No. 18-CV-5974 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Petitioner Philander Philippeaux, proceeding *pro se*, has moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in connection with his September 2015 conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and conspiracy to import into the United States five kilograms or more of cocaine in violation of 21 U.S.C. §§ 963, 960(b)(1)(B). *See* Dkts. 1, 5 (the "Petition").[1] Since filing his Petition, Petitioner has also filed a number of collateral motions in both this action and the underlying criminal action, including a motion for bond pending the § 2255 motion, *see* No. 18-cv-5974, Dkt. 7; No. 13-cr-277, Dkts. 129, 130; a motion for summary reversal, *see* No. 18-cv-5974, Dkt. 10; No. 13-cr-277, Dkt. 132; a motion to recall the mandate, *see* No. 13-cr-277, Dkt. 136; a motion for the Court to take judicial notice of Petitioner's intent to file a petition for writ of mandamus, *see* No. 18-cv-5974, Dkt. 26; No. 13-cr-277, Dkt. 138; and a motion for judicial default, *see* No. 18-cv-5974, Dkt. 23. On January 7, 2020, Magistrate Judge

---

[1] *See also* No. 13-cr-277, Dkts. 122, 125.

Sarah Netburn issued a Report and Recommendation (the "Report") recommending that the Court deny the Petition in its entirety, as well as deny Petitioner's collateral motions. *See* Dkt. 28.[2] On January 16, 2020 and January 21, 2020, Petitioner filed objections to the Report. *See* Dkts. 29 ("First Obj."), Dkt. 31 ("Second Obj.").[3] To date, Respondent has not filed any responses to the Objections.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report. For the following reasons, the Court adopts Judge Netburn's thorough and well-reasoned Report in its entirety. Both the Petition and Petitioner's collateral motions are therefore denied.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P.

---

[2] The Report was also filed in the underlying criminal case. *See* No. 13-cr-277, Dkt. 139.

[3] Although the Report was filed on both the civil habeas docket and the underlying criminal docket, Petitioner submitted two sets of objections. The first set of objections, Dkt. 29, were submitted in the instant civil habeas case. The second set of objections were initially only submitted in the underlying criminal case. *See* No. 13-cr-277, Dkt. 140. The Clerk of Court subsequently re-filed the second set of objections on the habeas docket. *See* Dkt. 31. In both cases, Petitioner filed several letters and "judicial notices," seeking "to put this Court on Judicial Notice" that re-filing the second set of objections on the civil docket was a "clerical mistake," and arguing that this second set of objections does not apply to the Report. *See* No. 18-cv-5974, Dkts. 32-35; No. 13-cr-277, Dkts. 142-143. As Petitioner's § 2255 motion stems from his underlying criminal case, and the Report addresses that motion, as well as the collateral motions Petitioner has filed in both cases, the Court finds no error in the re-filing of the second set of objections on the civil docket. The Court also notes that the second set of objections attaches the first set of objections as Exhibit A, and only contains 3 other pages. *Compare* No. 18-cv-5974, Dkt 29, *with* No. 18-cv-5974, Dkt. 31 at ECF page 5-21, *and* No. 13-cr-277, Dkt. 140-1.

72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v. Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Crum*, 2014 WL 2855030, at *1 (citation omitted).

## DISCUSSION

Petitioner primarily objects to the Report's conclusion that, notwithstanding his arguments that jurisdiction and venue were fraudulently obtained through allegedly "false" phone records, *see, e.g.*, Pet. at 3-4, 9, both jurisdiction and venue were proper in the underlying criminal case. *See* Report at 7 ("Because Philippeaux was charged with two federal conspiracy crimes, the district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231."); *id.* ("Because [the district court] had jurisdiction over the subject matter of the case, the court also had personal jurisdiction over Philippeaux."); *id.* at 8-9 (finding that venue was proper in part because "[a] coconspirator's attempted narcotics deal is an 'overt act in furtherance of the criminal scheme,' sufficient to satisfy the venue requirement for count one," and that as to count two, "the parties entered a stipulation that one of Philippeaux's coconspirators . . . was 'extradited from Colombia and landed first at an airport located in the Southern District of New York'"). This precise argument was the focus of the Petition, *see* Pet. at 3-10, which Judge Netburn carefully considered and rejected in the Report, *see* Report at 7-9. Upon review, the Court finds no clear error in Judge Netburn's conclusion that jurisdiction and venue were proper—and not fraudulently obtained—in the underlying criminal case.

Many of Petitioner's other objections relate to the Report's findings concerning his ineffective assistance of counsel claims. *See* First Obj. at 7-9, 11-12. These arguments, too, were raised in the Petition, *see* Pet. at 3-7, 9-10, and addressed by Judge Netburn, *see* Report at 9-14. The Court finds no error in the Report's conclusions that neither Petitioner's trial counsel nor his appellate counsel were ineffective.

Finally, Petitioner claims that the objections he initially filed in the underlying criminal case, but that have since been re-filed in the present habeas action, *see* Dkt. 31, are not relevant to

the instant Report. *See, e.g.*, Dkt. 34 ("He did not file this document to His 'Habeas Corpus' case (2255 civil case). The civil case already has its own 'OBJECTION TO R&R', which is docket [29]. Docket [31] a totally different objection belongs to a criminal case with a different case number (# 1:13-cr-00277-RA-SN) and should be removed according to 'law.'"). These objections concern Judge Netburn's determination that the Court should deny Petitioner's motion to recall the mandate, No.13-cr-277, Dkt. 136, and his motion for the Court to take judicial notice of his intent to file a petition for writ of mandamus, No. 13-cr-277, Dkt. 138, as meritless. *See* Report at 15; Second Obj. at 1-3. The Court agrees with Judge Netburn's conclusion that her authority to issue the Report, including on the motion to recall and Petitioner's other motions for post-trial relief, was entirely proper. *See* 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."). Moreover, to the extent that Petitioner is seeking relief from this Court as to his request to recall the mandate issued by the Second Circuit, the Court cannot consider that request because "district courts do not have the jurisdiction to recall the mandate of an appellate court, as they must abide by the decisions of the higher courts and cannot overrule them." *Paredes-Silva v. United States*, 632 F. Supp. 2d 349, 352 (S.D.N.Y. 2009) (citation omitted),

In sum, the Court finds no error—clear or otherwise—in Judge Netburn's Report. *See Walker*, 216 F. Supp. 2d at 292. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Netburn.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied, as are Petitioner's collateral motions, *see* No. 18-cv-5974, Dkts. 7, 10, 23, 26; No. 13-cr-277, Dkts. 129, 130, 132, 136, 138. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 7, 10, 23, and 26 in No. 18-cv-5974; terminate the motions pending at Dkts. 122, 125, 129, 130, 132, 136, and 138 in No. 13-cr-277; mail a copy of this Order to Petitioner; and close this case.

SO ORDERED.

Dated:    March 9, 2020
          New York, New York

Ronnie Abrams
United States District Judge