USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/20/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

18-CV-5974 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 16, 2020, Petitioner Philander Philippeaux filed a motion to alter or amend the Court's Order dated March 9, 2020 (the "Order," *see* Dkt. 38) pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. 39 ("Mot."). Plaintiff contends that the Order, adopting the January 7, 2020 Report and Recommendation issued by Magistrate Judge Netburn (the "Report, *see* Dkt. 28) "overlooked controlling decisions and factual matters." Mot. at 1. For the reasons that follow, Petitioner's motion is denied.

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). Motions for reconsideration under Rule 59(e) are properly granted only upon a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked." *Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA), 2019 WL 2174085, at *2 (S.D.N.Y. May 20, 2019) (quoting *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017)); *see also Shrader v. CSXTransp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Weiss v. City of New York*, No. 96-CV-8281 (LTS) (MHD), 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003) ("[R]econsideration is generally denied as a Rule 59(e) motion is not a vehicle for reargument or asserting arguments that could or should have been made before judgment issued.") (internal quotation marks and citation omitted).

Petitioner does not assert any "intervening change in controlling law" or new evidence. Nor does Petitioner clearly articulate a "need to correct a clear error or prevent manifest injustice." Rather, Petitioner contends that the Court "overlooked" certain facts that he had raised in his underlying § 2255 motion, such as his claim that a "fraud" had been "perpetuated upon the Court" by the Government's alleged use of a "fake phone number." *See* Mot. at 1. The Court, however, specifically addressed Petitioner's argument that jurisdiction and venue "were fraudulently obtained through allegedly 'false' phone records" in its Order, and found "no clear error in Judge Netburn's conclusion that jurisdiction and venue were proper—and not fraudulently obtained—in the underlying criminal case." *See* Order at 4. The Court in no way "overlooked" this argument or any facts pertaining to it.

Petitioner also asserts that the Court "overlooked the law governing the habeas corpus proceeding," "the rules of 28 U.S.C. § 2255," and "the law governing Fed. R. Civ. P. 56." *See* Mot. at 2. Both the Order and the Report applied the correct legal standards in denying Petitioner's § 2255 motion, as well as his collateral motions. Petitioner offers no "controlling

decisions or data that the court overlooked" in doing so. Accordingly, Plaintiff's motion to alter or amend the Order under Rule 59(e) is denied.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 39 and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: March 20, 2020
New York, New York

Ronnie Abrams
United States District Judge