UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8-14-20

PHILANDER PHILIPPEAUX,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

18-CV-5974 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On August 6, 2020, Petitioner Philander Philippeaux filed an "Emergency Motion for Relief from Judgment or Order Pursuant to Fed. Civ. P. 60(b)(2)(3)(4), Motion to Dismiss Falsified Indictment, Motion for Immediate Discharge of Prisoner," which was docketed on August 11, 2020. *See* Dkt. 52. Petitioner filed a notice of appeal to the Second Circuit on April 23, 2020, Dkt. 45, and an amended notice of appeal on April 29, 2020, Dkt. 48. Accordingly, as to his "Motion to Dismiss Falsified Indictment" and "Motion for Immediate Discharge of Prisoner," this Court lacks jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). As to his motion under Federal Rule of Civil Procedure 60(b), "a notice of appeal does not divest a district court of jurisdiction to decide a timely-filed motion pursuant to Federal Rule of Civil Procedure 60." *Leeber Realty LLC v. Trustco Bank*, 798 F. App'x 682, 687 (2d Cir. 2019). In particular, "Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment." *Pierre v. Tiscione*, No. 18-CV-7562 (LLS), 2018 WL 9596851, at *1

(S.D.N.Y. Sept. 25, 2018) (citing Fed. R. App. P. 4(a)(4)(A)); *see also Nunez v. Silber*, No. 18-CV-892 (CM), 2018 WL 10038776, at *1 (S.D.N.Y. June 13, 2018) (same). Because Petitioner's Rule 60(b) motion was not filed within 28 days after the entry of judgment, "the Court does not have jurisdiction under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure to grant the requested relief while Plaintiff's appeal is pending." *Nunez*, 2018 WL 10038776, at *2; *see also Akassy v. N.Y. Daily News*, No. 14-CV-1725 (LAP), 2014 WL 12909139, at *1 (S.D.N.Y. Sept. 3, 2014) ("Because Plaintiff's motion under Fed. R. Civ. P. 60(b) . . . was filed 78 days after the entry of judgment, and a notice of appeal is pending, the Court does not have jurisdiction to rule on Plaintiff's motion.")

      The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 52 and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:    August 14, 2020
            New York, New York

                                            Ronnie Abrams
                                            United States District Judge