USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/03/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

UNITED STATES OF AMERICA,

v.

PHILANDER PHILIPPEAUX,

        Defendant.

18-cv-5974 (RA)
13-cr-277 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Philander Philippeaux was convicted after a jury trial in September 2015 before Judge Sweet of one count of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of conspiring to import cocaine in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B). Judge Sweet sentenced him to 211 months' imprisonment on January 28, 2016. His conviction and sentence were affirmed by the Second Circuit on June 1, 2017. *See United States v. Philippeaux*, 694 F. App'x 838 (2d Cir. 2017).

    In June 2018, Philippeaux, proceeding *pro se*, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On March 9, 2020, the Court adopted a report and recommendation issued by Magistrate Judge Netburn, denying Mr. Phillipeaux's § 2255 motion and denying a number of collateral motions filed in these two cases. *See* Dkt. 145 (13-CR-277); Dkt. 38 (18-CV-5974). In that order the Court specifically adopted "Judge Netburn's conclusion

that jurisdiction and venue were proper—and not fraudulently obtained—in the underlying criminal case." The Court closed the habeas case on that day. Philippeaux's appeal from that order was dismissed by the Second Circuit on August 28, 2020. *See Philippeaux v. United States of America*, 20-1403 (2d Cir.), Dkt. 59.

In the months since the Court denied his § 2255 petition, Mr. Philippeaux has persisted in filing numerous collateral motions in both of these cases, all of which the Court has denied. *See* 13-CR-277, Dkts. 148, 150, 151, 153, 154, 157, 158, 160; *see also* 18-CV-5974, Dkts. 39, 41, 43, 52, 54, 59, 60, 63, 65, 67. These motions have continued to repeat the bald assertion that Mr. Philippeaux was charged by way of an indictment that was "falsified" or "fake" and/or that he was never charged by a grand jury. The Court can discern no basis in fact for this assertion, and Mr. Philippeaux has provided none. Mr. Philippeaux's latest two motions, *see* Dkts. 162, 163, are no exception to this pattern, and they are denied.

These cases were closed long ago. Mr. Philippeaux's challenges to his conviction and sentence, both on direct review and collaterally, have been finally resolved by the Second Circuit. The Court has repeatedly advised Mr. Philippeaux that his persistent filing of frivolous or meritless documents could result in a filing sanction. Going forward, the Court advises Mr. Philippeaux that it does not intend to respond to further duplicative correspondence. The Clerk of Court is respectfully directed to terminate Dkt. 162 and 163 in 13-CR-277 and to mail a copy of this order to Mr. Philippeaux.

SO ORDERED.

Dated: May 3, 2021
        New York, New York

Ronnie Abrams
United States District Judge